```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                             AT BLUEFIELD

LARRY L. KOGER,

              Plaintiff,


v.                              CIVIL ACTION NO. 1:08-0909


NORFOLK SOUTHERN RAILWAY
COMPANY,

              Defendant.
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for partial summary judgment (doc. # 25).  On August 27, 2009, the court held a hearing on the motion.  By Judgment Order entered September 30, 2009, the motion for partial summary judgment was GRANTED in part and DENIED in part.  The reasons for that decision follow.

## Background

Plaintiff, Larry L. Koger, was employed as a conductor for the defendant, Norfolk Southern Railway Company ("NSRC").  The case arises out of workplace injuries allegedly suffered by plaintiff on July 29, 2007.  On that date, the locomotive on which plaintiff was working as a conductor derailed when it ran a red signal, causing the locomotive to proceed when it should not have.

As a result of injuries he allegedly sustained when the train derailed, on July 9, 2008, plaintiff filed a complaint against NSRC under the Federal Employees Liability Act, 45 U.S.C. § 51, which was later amended on May 26, 2009.  Plaintiff has filed a motion for partial summary judgment asking for judgment in its favor on liability and comparative negligence.  Defendant opposes plaintiff's motion.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and
> admissions on file, together with the
> affidavits, if any, show that there is
> no genuine issue as to any material fact
> and that the moving party is entitled to
> a judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial.  <u>Id.</u> at 322.  If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u> at 323.

2

Once the moving party has met this burden, the burden shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-51.

## **Analysis**

The Federal Employers' Liability Act ("FELA") was enacted, in part, to address "the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety."  Sinkler v. Missouri Pac. R.R. Co., 356 U.S. 326, 329 (1958).  Pursuant to FELA,

> Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

3

45 U.S.C. § 51.

The Supreme Court has held that when an employer governed by FELA violates a statutory or regulatory standard and its employee is injured as a result, the employer may be held liable under FELA even if the injury was not the type contemplated by the statute. <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426, 438-39 (1958).

> [T]he theory of the FELA is that where the employer's conduct falls short of the high standard required of him by this Act, and his fault, in whole or in part, causes injury, liability ensues.  And this result follows whether the fault is a violation of a statutory duty or the more general duty of acting with care, for the employer owes the employee, as much as the duty of acting with care, the duty of complying with his statutory obligations.

<u>Id.</u> at 438-39.  Therefore, <u>Kernan</u> has "established a bright-line rule that a FELA employer's violation of a statutory or regulatory duty gives rise to FELA liability for resulting employee injury, regardless of whether the statute or regulation was meant to protect against the particular harm sustained by the employee." <u>Schmitz v. Canadian Pacific Railway Co.</u>, 454 F.3d 678, 683 (7th Cir. 2006); <u>see also</u> <u>Walden v. Ill. Cent. Gulf. R.R.</u>, 975 F.2d 361, 364 (7th Cir. 1992) ("In a[ ] FELA action, the violation of a statute or regulation . . . automatically constitutes breach of the employer's duty and negligence per se and will result in liability if the violation contributed in fact to the plaintiff's injury.").

4

Courts have found that the violation of a number of different statutes and regulations by an employer compels a finding of negligence per se.  See, e.g., Coffey v. Northeast Illinois Regional Commuter Railroad Corp., 479 F.3d 472, 477 (7th Cir. 2007) (holding that although the Locomotive Inspection Act does not create a right to sue, it establishes a safety standard and the failure to comply with that standard is negligence per se under the FELA).

Plaintiff has argued that defendant's violations of certain federal regulations and its own safety rules constitutes negligence per se.  In particular, plaintiff alleges that defendant violated 49 C.F.R. § 240.305 and § 240.117.[1]  49 C.F.R. § 240.305(a)(1) makes it unlawful to "[o]perate a locomotive or train past a signal indication, excluding a hand or radio signal indication or a switch, that requires a complete stop before passing it."  Defendant has conceded that the train ran a signal indicating that it should stop and, by doing so, violated its own operating rule 240 which states that "[a] train or engine approaching a signal displaying a STOP indication must stop before any part of the equipment passes the signal."  At oral argument, counsel for defendant conceded this was a violation of 49 C.F.R. § 240.305.

---

[1] As the court noted at oral argument, it is unclear whether defendant's conduct was a violation of § 240.117.

The court agrees with plaintiff that violation of 49 C.F.R. § 240.305 constitutes negligence per se.  See Waggoner v. Ohio Central Railroad, Inc., 2007 WL 4224217, *8 (S.D. Ohio 2007) ("[T]his Court finds that violations of safety regulations promulgated by the Federal Railroad Administration, such as 49 C.F.R. § 220.49 and 49 C.F.R. § 240.305(a)(2), constitute negligence per se and satisfy the elements of duty and breach); Correll v. Consolidated Rail Corp., 266 F. Supp. 2d 711, 715 (N.D. Ohio 2003) (violation of § 240.305 is negligence per se). Therefore, plaintiff will be entitled to a proper jury instruction on this point.  See Duty v. East Coast Tender Serv., Inc., 660 F.2d 933, 947 n.** (4th Cir. 1981) (en banc) (per curiam) ("[a] negligence per se instruction does not create strict liability; it would not remove the issue of proximate cause from the jury.  Properly instructed, the jury still would be required to determine whether defendant's negligence . . . caused or contributed to plaintiff's injury.").  Plaintiff must still, however, prove proximate cause and damages.  See Ellis v. Chase Communications, Inc., 63 F.3d 473, 479 n.2 (6th Cir. 1995) ("Proving negligence per se does not establish liability since a plaintiff must still prove proximate cause and damages in order to recover against a defendant.") (Wellford, J., concurring); Wren v. Sullivan Elec., Inc., 797 F.2d 323, 327 (6th Cir. 1986) ("[O]nce negligence per se has been established as a result of

6

the violation of a worker safety statute, the only questions left to be resolved are those of proximate cause, injury, and damages."); Correll v. Consolidated Rail Corp., 266 F. Supp. 2d 711, 715 (N.D. Ohio 2003) ("[E]ven if Bell was guilty of negligence per se, a jury could find that such negligence on his part was not the proximate cause of the collision.").

As to plaintiff's argument that defendant's violation of 49 C.F.R. § 240.305 bars the defense of comparative negligence, the court does not agree.  Pursuant to § 45 U.S.C. § 53, "no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of <u>any statute enacted for the safety of employees</u> contributed to the injury or death of such employee." (emphasis added).  The aforementioned regulation is not a statute "enacted for the safety of employees."  There is no case law in support of plaintiff's position that 49 C.F.R. § 240.305 was

enacted for the safety of employees[2] and the legislative history does not support plaintiff's argument in this regard.

### Conclusion

Based on the foregoing, plaintiffs's motion for partial summary judgment is GRANTED to the extent that he has proven his entitlement to a jury instruction that defendant was negligent per se.  In all other aspects, the motion is DENIED.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 2nd day of October, 2009.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

---

[2] In cases where a violation of § 240.305 has been found to constitute negligence per se, the court did not find that the defendant was barred from arguing the contributory negligence of the employee.  Waggoner v. Ohio Central Railroad, Inc., 2007 WL 4224217, *12 (S.D. Ohio 2007) ("The Court makes no determination, however, of whether Plaintiff's own negligence also contributed to his injuries.  A jury will have to determine the question of contributory negligence along with the issue of damages.); Correll v. Consolidated Rail Corp., 266 F. Supp. 2d 711, 715 (N.D. Ohio 2003) (violation of § 240.305 is negligence per se but no finding that defendant was barred from asserting contributory negligence as a defense).