```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

LARRY L. KOGER,

       Plaintiff,

v.                        CIVIL ACTION NO. 1:08-0909

NORFOLK SOUTHERN RAILWAY
COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's "Motion for Reconsideration of Whether 49 C.F.R. § 240.305 is a `Statute' under § 53 of the FELA, Based on the Special Definition of `Statute' Provided in § 54a of the FELA." (doc. # 103). The court informed the parties at the pretrial conference in this matter, held on October 19, 2009, that plaintiff's motion was DENIED. The reasons for that decision follow.

By Judgment Order entered September 30, 2009, plaintiff's motion for partial summary judgment was granted in part and denied in part. Specifically, plaintiffs's motion for partial summary judgment was granted to the extent that he had proven his entitlement to a jury instruction that defendant was negligent per se. In all other respects, including that portion of his motion requesting that defendant be barred from arguing contributory negligence, the motion was denied.

The court agreed with plaintiff that defendant's violation of 49 C.F.R. § 240.305 constituted negligence per se. See <u>Waggoner v. Ohio Central Railroad, Inc.</u>, 2007 WL 4224217, *8 (S.D. Ohio 2007) ("[T]his Court finds that violations of safety regulations promulgated by the Federal Railroad Administration, such as 49 C.F.R. § 220.49 and 49 C.F.R. § 240.305(a)(2), constitute negligence per se and satisfy the elements of duty and breach); <u>Correll v. Consolidated Rail Corp.</u>, 266 F. Supp. 2d 711, 715 (N.D. Ohio 2003) (violation of § 240.305 is negligence per se).

The court did not agree, however, with plaintiff's argument that defendant's violation of 49 C.F.R. § 240.305 bars the defense of comparative negligence. In so doing, the court noted:

> Pursuant to § 45 U.S.C. § 53, "no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of <u>any statute enacted for the safety of employees</u> contributed to the injury or death of such employee." (emphasis added). The aforementioned regulation is not a statute "enacted for the safety of employees." There is no case law in support of plaintiff's position that 49 C.F.R. § 240.305 was enacted for the safety of employees and the legislative history does not support plaintiff's argument in this regard.

Memorandum Opinion and Order of October 2, 2009. The court's opinion also stated that

> In cases where a violation of § 240.305 has been found to constitute negligence per se, the court

2

> did not find that the defendant was barred from arguing the contributory negligence of the employee. Waggoner v. Ohio Central Railroad, Inc., 2007 WL 4224217, *12 (S.D. Ohio 2007) ("The Court makes no determination, however, of whether Plaintiff's own negligence also contributed to his injuries. A jury will have to determine the question of contributory negligence along with the issue of damages.); Correll v. Consolidated Rail Corp., 266 F. Supp. 2d 711, 715 (N.D. Ohio 2003) (violation of § 240.305 is negligence per se but no finding that defendant was barred from asserting contributory negligence as a defense).

Id.

A fair reading of plaintiff's motion for reconsideration indicates that he was under the misimpression that the court was unaware of Section 54a of FELA when it issued its earlier opinion. See Plaintiff's Motion at 2 ("[T]he Court's Memorandum Opinion and Order of October 2, 2009, did not consider whether 49 C.F.R. 240.305 qualifies as a `statute' - under § 53 of the F.E.L.A. - based on the special definition of `statute' provided by § 54a of the F.E.L.A."). Section 54a provides that "[a] regulation, standard, or requirement in force, or prescribed by the Secretary of Transportation under chapter 201 of Title 49, or by a State agency that is participating in investigative and surveillance activities under section 20105 of Title 49 is deemed to be a statute under sections 53 and 54 of this title."

To be clear, the court did not reject plaintiff's argument that § 45 U.S.C. § 53 applied to his situation and that defendant was barred from arguing contributory negligence because 49 C.F.R.

§ 240.305 is a regulation rather than a statute. It did so because there is no indication that said regulation was "enacted for the safety of employees." As the court noted in its earlier opinion, "[t]here is no case law in support of plaintiff's position that 49 C.F.R. § 240.305 was enacted for the safety of employees and the legislative history does not support plaintiff's argument in this regard."[*]

Based on the foregoing, plaintiff's motion for reconsideration was DENIED and the Clerk is directed to terminate the motion.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 7th day of December, 2009.

ENTER:

David A. Faber
Senior United States District Judge

---

[*] One of the cases relied upon by the court in its earlier opinion was Waggoner v. Ohio Central Railroad, Inc., 2007 WL 4224217, *12 (S.D. Ohio 2007) ("The Court makes no determination, however, of whether Plaintiff's own negligence also contributed to his injuries. A jury will have to determine the question of contributory negligence along with the issue of damages."). Subsequent to the opinion relied upon by this court, the Waggoner court did grant a similar motion for reconsideration and found that, pursuant to § 45 U.S.C. § 53, the defendant in that case was barred from arguing contributory negligence. Waggoner v. Ohio Central Railroad, Inc., 2007 WL 6148515, *1 (S.D. Ohio 2007). However, the later Waggoner opinion does not discuss the reasons that court concluded that 49 C.F.R. § 240.305 was enacted for the safety of employees and, therefore, does not persuade this court that it should follow that court's lead.