```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

LARRY L. KOGER,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:08-0909

NORFOLK SOUTHERN RAILWAY
COMPANY,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court was defendant's motion for summary judgment on estoppel grounds. (Doc. # 73). At the pretrial conference in this matter, held on October 19, 2009, the court denied that motion. The reasons for that decision follow.

**<u>Background</u>**

Plaintiff, Larry L. Koger, was employed as a conductor for the defendant, Norfolk Southern Railway Company ("NSRC" or "Norfolk Southern"). On July 29, 2007, the locomotive on which plaintiff was working as a conductor derailed when it ran a red signal, causing the locomotive to proceed when it should not have. NSRC determined that Koger was a responsible party in the derailment and, by letter dated August 21, 2007, terminated his employment.

Plaintiff appealed his dismissal from service and his appeal eventually came before the Public Law Board, a standing arbitration board created by NSRC and the UTU pursuant to the Railway Labor Act. On January 8, 2008, the Public Law Board

issued an Interim Order "directing that [Koger] be returned to service with seniority and other benefits unimpaired". Exhibit D to Defendant's Motion for Summary Judgment. The Public Law Board issued its Final Order on July 28, 2008. In its Final Order, the Board found that Koger was partially responsible for the derailment but that his termination from service was not warranted. The Public Law Board found that an unpaid suspension from service was a more appropriate sanction and Koger was reinstated to his former position with all seniority benefits unimpaired. See Exhibit E to Defendant's Motion for Summary Judgment.

Prior to issuance of the Final Order, on July 9, 2008, plaintiff filed a complaint against NSRC under the Federal Employees Liability Act, 45 U.S.C. § 51. In his complaint, plaintiff alleged that he had

> incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

Complaint ¶ 17.

Norfolk Southern filed the instant motion for summary judgment, contending that, because plaintiff argued to the Public Law Board that he was entitled to back pay and could continue his

2

work for NSRC as a conductor, "the estoppel doctrine precludes Plaintiff Koger from bringing any claims against NSRC in the instant case as all of his claims are premised upon the contrary assertion that Plaintiff Koger was irreparably injured in the derailment and can no longer work for NSRC." Defendant's Memorandum at 3-4.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial. Id. at 322. If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the moving party has met this burden, the burden

shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51.

## **Analysis**

At various times in its briefs, NSRC argued that judicial estoppel, equitable estoppel, and collateral estoppel are all applicable herein. Our appeals court has explained the various estoppel doctrines.

> Judicial estoppel is "[c]losely related to collateral estoppel, but [it is] dissimilar in critical respects." Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982). For example, judicial estoppel does not require that the issue be actually litigated in the prior proceeding or that the parties meet the requirement of mutuality, even if the mutuality requirement is recognized by state law, as it is here. . . . One reason for these differences is that judicial estoppel is a matter of federal law, not state law, see Allen, 667 F.2d at 1167 n.2, especially when the court's jurisdiction is based on the presence of a federal question rather than the diversity of the parties.

4

> Judicial estoppel is also closely related to equitable estoppel. . . . Unlike equitable estoppel, a party asserting judicial estoppel does not have to prove detrimental reliance because judicial estoppel is designed to protect the integrity of the courts rather than any interests of the litigants. . . .
>
> Therefore, judicial estoppel may apply in a particular case "where neither collateral estoppel nor equitable estoppel . . . would apply." Allen, 667 F.2d at 1166-67.

Lowery v. Stovall, 92 F.3d 219, 223 n.3 (4th Cir. 1996).

A.   *Collateral Estoppel*[1]

Applying collateral estoppel "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks and citation omitted). In order for collateral estoppel to apply herein, Norfolk Southern must show that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and

---

[1] Defendant first mentions collateral estoppel in its reply brief in response to Koger's assertion that Norfolk Southern had conceded that collateral estoppel is inapplicable to decisions of the Public Law Board. Based on its brief, it is unclear whether Norfolk Southern is contending that collateral estoppel is applicable to Public Law Board proceedings in general or whether it specifically applies in the instant case. In any event, for the reasons cited above, Koger is not collaterally estopped from bringing his claims in this lawsuit.

necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) Koger had a full and fair opportunity to litigate the issue or fact in the prior proceeding. See id.; Polk v. Montgomery County, Maryland, 782 F.2d 1196, 1201 (4th Cir. 1986).

Even were the court to agree with defendant that a decision of the Public Law Board could be given res judicata effect, it is clear that collateral estoppel is inapplicable herein. Of utmost importance to the court's decision in this regard is the fact that plaintiff's physical and medical condition were not at issue before the Public Law Board. Therefore, the issue was not litigated or actually resolved in the prior proceeding. For these and other reasons, collateral estoppel does not apply to bar plaintiff's claims in this lawsuit.

B.      *Equitable Estoppel*

For federal common-law equitable estoppel to apply, Norfolk Southern must prove the following elements: (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the

6

estoppel reasonably and detrimentally relied on the representation. Jose Maria Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program, 129 F.3d 581, 587 (11th Cir. 1997); Jewel Seafoods Ltd. v. M/V Peace River, 39 F.Supp.2d 628, 634 (D.S.C. 1999). The elements of equitable estoppel under West Virginia law are essentially the same as those under federal law. See, e.g., Pruitt v. W. Va. Dep't of Pub. Safety, 664 S.E.2d 175, 183 n.8 (W. Va. 2008).

According to Norfolk Southern, because plaintiff sought reinstatement with back pay before the Public Law Board, he was "implicitly stating that he was physically able to continue working for NSRC, which, if his current allegations are to be believed, was a false representation to both NSRC and the Public Law Board." Defendant's Memorandum in Support of Motion for Summary Judgment at 11-12. However, the Final Award of the Public Law Board expressly stated that plaintiff contended he had sustained personal injury but that "nothing of record shows the nature or extent of the purported injury." Exhibit E to Defendant's Motion for Summary Judgment. Furthermore, while Norfolk Southern has attempted to frame the appeal before the Public Law Board as an assertion on Koger's part that he was physically able to return to work, it is obvious that the appeal was aimed at reversing the determination that he was responsible for the derailment and, therefore, should have been terminated.

Equitable estoppel does not bar plaintiff's claims herein for a number of reasons. First, and most importantly, the record does not support Norfolk Southern's claim that there was a misrepresentation. There is no allegation that Koger ever expressly stated to the Public Law Board that he was physically able to work when he in fact knew that he was permanently disabled. Indeed, Dr. Kropac did not opine that Koger had reached maximum medical improvement until July 15, 2008. At that point, Dr. Kropac formulated permanent work restrictions for plaintiff. A review of Dr. Kropac's deposition testimony regarding the progression of plaintiff's medical condition undermines Norfolk Southern's contention that there was a misrepresentation.

Furthermore, as to whether Norfolk Southern knew the true facts, after the Interim Award was handed down, on February 1, 2008, plaintiff informed NSRC that he had undergone back surgery on January 23, 2008, and had not been cleared to return to work by his physician. Plaintiff offered no further updates regarding his medical condition and NSRC made no further inquiry. Finally, Norfolk Southern's representations regarding detrimental reliance are flimsy at best. For these and the reasons outlined in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, plaintiff is not equitably estopped from pursuing his FELA claims in this lawsuit.

C.   *Judicial Estoppel*

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 28-29 (4th Cir. 1995)). The Lowery court went on to state that although "[c]ourts have had difficulty in formulating a specific test for determining when judicial estoppel should be applied. . . . there are certain elements that have to be met before courts will apply judicial estoppel." Id. at 223-24.

> First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. And the position sought to be estopped must be one of fact rather than law or legal theory.
>
> Second, the prior inconsistent position must have been accepted by the court. The insistence upon a court having accepted the prior party's inconsistent position ensures that judicial estoppel is applied in the narrowest of circumstances. . . . Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution.
>
> Finally, the party sought to be estopped must have intentionally misled the court to gain unfair advantage. Indeed, we have stated that this factor is the determinative factor in the

9

>           application of judicial estoppel to a particular
>           case.

Id. at 224 (internal citations and quotations omitted).

Judicial estoppel should not be applied to preclude Koger from bringing his claims in this case because none of the three elements listed above are present. First, as discussed earlier, there is no inconsistent position. Furthermore, even if there was some inconsistency, there is no evidence that it was intentional and designed to gain unfair advantage. Finally, contrary to NSRC's contention, there is no evidence that the Public Law Board accepted the allegedly prior inconsistent position. In fact, the Public Law Board expressly noted that nothing in the record showed the extent or nature of Koger's alleged injury. In addition, Koger was not awarded back pay.

A review of the cases cited by defendant in which courts have applied judicial estoppel highlights the problems with defendant's position herein. In those cases, there was an obvious inconsistency between the positions advanced by the plaintiffs. For example, in Muncy v. Norfolk and Western Railway Co., 676 F. Supp. 112, 112-13 (S.D.W. Va. 1987), an injured railroad employee had successfully argued in a FELA lawsuit that he was permanently and totally disabled from employment with the defendant railroad. The employee later filed an action under the West Virginia Human Rights Act alleging that his former employer had discriminated against him on the basis of handicap

by refusing to rehire him. See id. at 113. The Muncy court granted the railroad's motion for summary judgment on judicial estoppel grounds. See id. at 114; see also Lewandowski v. National Railroad Passenger Corp., 882 F.2d 815, 819-20 (3d Cir. 1989) (railroad employee was judicially estopped from suing railroad for denying reinstatement when employee previously sued railroad under FELA and recovered jury verdict of $120,000 after employee's attorney requested future lost wages and argued that employee was not going to be able to work at the railroad due to injury). In this case, unlike Muncy and Lewandowski, there is no obvious attempt to play "fast and loose" with the court.

## Conclusion

Based on the foregoing, defendant's motion for summary judgment was DENIED. The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 3rd day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge